**COOPERS, INCORPORATED, Plaintiff,**

v.

**ROCKY MOUNTAIN TEXTILE, INC., Defendant.**

Civ. A. No. 6170.

United States District Court
D. Colorado.

Nov. 12, 1959.

McGrew & Edwards, Denver, Colo., for plaintiff.

Whitehead, Vogl & Lowe, and William F. Reynard, Denver, Colo., for defendant.

STANLEY, District Judge.

Findings

1. Plaintiff, Coopers, Incorporated, is a corporation organized and existing under the laws of the State of Wisconsin, and has its principal place of business in Kenosha, Wisconsin.

2. Defendant, Rocky Mountain Textile, Inc., is a corporation organized and existing under the laws of the State of Colorado and has its principal place of business in Denver, Colorado.

3. On or about November 12, 1948, defendant filed an application to register Rocké as a trademark for hosiery, based upon its claim of use since September 14, 1948, and said application resulted in the issuance of United States registration No. 557,081 on April 1, 1952.

4. Plaintiff, on May 12, 1955, filed a petition in the United States Patent Office, pursuant to 15 U.S.C.A. § 1064,

to cancel registration No. 557,081 on the ground that said registered trademark Rocké, as used for hosiery, would seriously damage plaintiff's rights and goodwill in its trademark Jockey as used for hosiery and other articles of clothing, because the marks were confusingly similar and would cause confusion in the trade.

5. On March 27, 1957, after both plaintiff and defendant completed their records and filed their evidence with briefs, and presented oral arguments, the Patent Office tribunal rendered its decision sustaining plaintiff's petition to cancel defendant's registration No. 557,081, on the ground that the trademark Rocké is confusingly similar to Jockey in sound and appearance, and such use of substantially similar marks on the same or related goods was likely to cause confusion in the trade.

6. On May 17, 1957 defendant filed its appeal to the Commissioner of Patents seeking reversal of the decision of March 27, 1957, and on July 9, 1958 the Assistant Commissioner of Patents rendered a decision reversing the lower tribunal, holding that Rocké and Jockey do not look alike and that plaintiff had not submitted evidence that Rocké would be pronounced as Rocky.

7. On August 29, 1958 plaintiff, pursuant to 15 U.S.C.A. §§ 1119, 1121, 28 U.S.C. § 1338(a) and 35 U.S.C. § 146, filed this action in accordance with the provisions of the United States Codes stated for review and reversal of the decision of the Assistant Commissioner of Patents and demanding cancellation of said registration No. 557,081, and for further relief by way of injunction to prevent defendant's continued use of Rocke and for damages and costs.

8. Plaintiff, and its predecessors, have since 1876 been engaged in the manufacture and sale of wearing apparel for men and boys, which has been marketed principally under the trademark Jockey.

9. Since as early as 1935, plaintiff has used the trademark Jockey on an extensive scale for various items of men's and boys' clothing, including hosiery, throughout the United States and most foreign countries.

10. Plaintiff is the owner of registration No. 509,364, issued May 3, 1949, for the trademark Jockey for men's and boys' underwear, undershirts, union suits, hosiery, swim trunks, sport shirts, sport shorts and T-shirts.

11. Plaintiff's wearing apparel, including hosiery, has been extensively sold through some nine or ten thousand retail dealers, such as department stores, men's clothing stores, men's and ladies' specialty stores, and the like, located throughout the United States and many foreign countries.

12. Since 1950, total sales of plaintiff's Jockey brand hosiery alone have exceeded 112,000 dozen pairs, representing sales in excess of $800,000.

13. Plaintiff's Jockey brand hosiery has been extensively advertised in national magazines, local newspapers, direct mail, and store displays.

14. Defendant has marketed men's hosiery under the trademark Rocke through a variety of department stores, men's clothing stores, and like establishments throughout the United States since 1948.

15. Since 1948, defendant has sold over 337,000 dozen pairs of Rocke hosiery, representing sales of approximately $3,700,000.

16. Defendant has extensively advertised its Rocke hosiery through national advertising, pamphlets, direct mail advertising, brochures and store displays.

17. In the United States plaintiff's trademark Jockey is typically pronounced to rhyme with Hockey or Rocky.

18. In the United States the typical pronunciation of R-o-c-k-e would be to rhyme with Hockey or Jockey.

19. The presence of an accent mark over the letter "e" in R-o-c-k-e would usually make no difference in American pronunciation of the word.

20. Defendant's trademark Rocke (or Rocké) is not a word in the French language.

21. Most Americans are not familiar with the refinements of the French language and the presence of an accent mark of the type used in the French language would not alter the average American's pronunciation of Rocke.

22. Defendant frequently uses a picture of two mountains on its labels in association with the trademark Rocke.

23. A picture or graphic representation used in association with a word may serve as a coaching device to indicate how the word is to be pronounced, so the presence of a design of two mountains on defendant's labels stimulates the person looking at the labels to pronounce R-o-c-k-e as "Rocky" as in "Rocky Mountains".

24. Plaintiff, in court, orally waived all claims for damages and costs.

Conclusions

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. Plaintiff and defendant both sell clothing for men and boys, including hosiery.

3. Plaintiff's Jockey brand and defendant's Rocke (or Rocké) brand hosiery are marketed to the same class of purchasers and through the same type of retail outlets in the same areas.

4. The accepted and normal pronunciations of Rocke and Jockey are so nearly alike in sound that the respective use of each of these marks for the same or related goods creates likelihood of confusion, mistake or deception of the purchaser.

5. Plaintiff is the prior user by many years as to the respective marks in issue, and the goods of the parties are in part identical in kind and are otherwise closely related.

6. The pronunciation of Rocke, with or without the accent symbol, would vary depending upon the reaction of different individuals, it being most likely that Rocke would be pronounced to sound like Jockey.

7. Rocke (or Rocké) and Jockey are too nearly alike in sound to enable their contemporaneous use for the specified goods without reasonable likelihood of confusion, mistake or deception of purchasers.

8. Defendant's registration, No. 557,-081, for Rocké was improperly issued.

Final Judgment

This cause coming on to be heard on plaintiff's motion for summary judgment, the Court having considered the evidence and heard counsel, it is hereby ordered and adjudged as follows:

1. Plaintiff, Coopers, Incorporated, is the owner of the trademark Jockey and the registration therefor, No. 509,364, for a wide variety of garments, including hosiery.

2. The trademark Jockey and the registration therefor, No. 509,364, are good and valid in law.

3. Defendant's use of Rocke (or Rocké) as a trademark for hosiery or related products is an infringement of plaintiff's registered trademark Jockey.

4. Defendant, its agents, servants and employees, and each of them, are hereby enjoined from:

(a) using Rocke (or Rocké) as a mark in connection with the offering for sale or selling of hosiery or related articles of clothing;

(b) otherwise infringing said trademark Jockey and the registration therefor, No. 509,364.

5. The decision of the Commissioner of Patents, rendered on the 9th day of July, 1958, is hereby ordered vacated, and the decision of the Examiner of Trademark Interferences of March 27, 1957 is reinstated, and it is further ordered that registration No. 557,081 involved herein be cancelled.

6. Damages, attorneys' fees and other relief to plaintiff are denied.

7. No court costs are taxed against either party.